14365

AGERTON v. NATIONAL COUNCIL JUNIOR ORDER UNITED AMERICAN MECHANICS

(188 S. E., 185)

Before OxNER, J., Chesterfield, April, 1935.

*Messrs. John E. Stansfield* and *P. A. Murray, Jr.,* for appellant,

*Messrs. Leppard & Leppard,* for respondent,

October 29, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent is the beneficiary named in a policy of insurance issued by the appellant upon the life of James E. Agerton in the sum of $2,000.00; liability was denied and action brought. The case was tried by Judge Oxner,

with a jury, at the Court of Common Pleas for Chesterfield County. A motion for directed verdict in its favor was made by appellant, and refused. The jury found for plaintiff in the amount of the sum sued for. Motion for new trial followed and was refused; this appeal followed. There are six exceptions, but the counsel for appellant state in their brief that:

"While there are a number of exceptions and all of them will be argued, we believe that a decision of the Court on just two issues will dispose of the entire case. These issues are:

"(1) When did the policy of James E. Agerton go into effect? The decision of this issue is important because it will decide just what premiums were paid, and whether or not Agerton was suspended at the time of his death.

"(2) Was there any waiver by the insurer? The respondent contends that accepting proofs of death, and retaining the P. O. Money Order for some time was evidence to go to the jury."

Counsel for respondent in their brief say:

"The certificate became effective on or about August 25, 1932.

"The appellant prefaced its argument of this question with the remark: 'The decision of this issue is important, for it will decide just what premiums were paid, and whether or not Agerton was suspended at the time of his death.'

"We are delighted to agree with the appellant that the effective date of the policy is determinative of the premium paying period."

The Court concurs with both counsel that the determination of the issues thus stated will dispose of the case.

There is evidence for appellant that the application, along with the first monthly premium, was sent in to the home office of the company by Mr. Williams, August 18, 1932; that he told Mr. Pigg, the collecting agent of the local council, that he must commence collecting premiums the 1st of

September. The policy was dated August 18, 1932. There is also evidence for appellant that it was the custom of the insurance company that, if a policy was issued before the 20th day of the month, the first premium went to pay the premium for that month; if it was issued after the 20th, the first premium went to pay the premium for the month after the month of issuance.

There was undisputed evidence that the insured made fourteen monthly payments of premiums, including the one paid to Mr. Williams when the application was sent in August 18, 1932. If the last-named premium was applicable to the month of August, then the insured was delinquent in his payments and was suspended when he died November 25, 1933. If that premium was applicable to the payment of the premium for the month of September, 1932, then the insured was not delinquent and was not suspended at the time of his death.

There is evidence for the respondent that while the policy was dated August 18, it did not reach the insured until about August. 25. Mr. Pigg, the witness for the appellant, as financial secretary and collector for the local council, testified: That he was told by Mr. Williams that such of the policies as were issued after the middle of the month would go into effect on September 1st of that year.

The Court asked: "The first monthly premium was to be paid when?"

The witness: "These fellows objected to their policies being issued after the middle of the month and they wasn't going to take them up; and I got into touch with Mr. Williams and he told me to let them go into effect the first of the month."

This witness testified that the first premium he collected from Mr. Agerton was for October, 1932. He further testified that he applied that payment to the month of September; that if Mr. Agerton had paid his initial premium then the first premium which witness collected was for

October; that Mr. Agerton contended that his started on October 1st.; that he had made another payment before that. Here is a clear conflict of evidence as to when the policy became effective, and whether the payment made in August was the August or September premium. That was an issue of fact to be decided by the jury.

There was no error in submitting that issue to the jury. In the light of this conclusion the question of waiver becomes an academic one. The Court may say, however, that it ought to be understood that an insurance company should be allowed reasonable time in which to investigate the *bona fides* of a claim, and when it acts in good faith should not captiously be submitted to the danger of being charged with the waiver of its rights.

The appeal is dismissed, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BAKER and FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.